**FILED**
**CLERK**

4:57 pm, Feb 14, 2020

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

For Online Publication Only

SEAN BREWI, individually and on behalf of all
those similarly situated,

               Plaintiff,

    -against-

RMS – RECOVERY MANAGEMENT
SERVICES, INC., and ACADEMY OF ART
UNIVERSITY,

               Defendants.
----------------------------------------------------------------X

**ORDER**

18-CV-3966 (JMA) (AKT)

**AZRACK, United States District Judge:**

On July 10, 2018, plaintiff Sean Brewi ("Plaintiff") commenced this action, individually and on behalf of all those similarly situated, against RMS – Recovery Management Services, Inc. ("RMS"). (ECF No. 1.) Plaintiff filed an amended complaint on October 23, 2018 in which Academy of Art University ("Academy") was named along with RMS as defendants (collectively, the "Defendants"). (ECF No. 12.) Plaintiff alleged that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., through two debt collections letters sent to Plaintiff dated May 18, 2017 and July 27, 2017 regarding an outstanding debt Plaintiff allegedly owed to Academy. Defendants moved to dismiss Plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). On November 1, 2019, the Court referred Defendants' motion to Magistrate Judge A. Kathleen Tomlinson for a Report and Recommendation ("R&R").

On January 13, 2020, Judge Tomlinson issued an R&R recommending that Defendants' motion to dismiss be denied in its entirety. (ECF No. 36.) Defendants then filed a motion for reconsideration on January 24, 2020, which Plaintiff opposed. (ECF Nos. 38, 39.) On February 6, 2020, the Court issued an Order indicating that Defendants' motion for reconsideration would

be construed as an objection to Judge Tomlinson's R&R.  The Court also offered Defendants the opportunity to supplement their objection by February 13, 2020, but Defendants did not file any supplemental briefing.  (ECF No. 42.)  Because the Court finds Defendants' objection unpersuasive, a response from Plaintiff to Defendants' objection is unnecessary.  Having undertaken a review of the record, the R&R, and Defendants' objection, I agree with Judge Tomlinson's R&R and adopt it as the opinion of this Court.

In reviewing a magistrate judge's report and recommendation, the Court must "make a de novo determination of those portions of the report or . . . recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).  The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.  Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

Defendants' only challenge to Judge Tomlinson's R&R is to her finding that Plaintiff's FDCPA claims in connection with the May 18, 2017 letter were not time-barred.  (ECF No. 38.)  The R&R states that the "one-year statute of limitations period for a violation under the FDCPA begins to run on the date the consumer received the debt collection letter."  (ECF No. 36 at 10–11.)  Because neither party provided information regarding the date on which Plaintiff allegedly received the May 18, 2017 letter and Judge Tomlinson could not determine that date as a matter of law, she could not recommend that the FDCPA claims based on the May 18, 2017 letter be dismissed as time-barred.  (Id.)

Defendants argue that the Supreme Court's recent decision in Rotkiskie v. Klemm, 140 S. Ct. 355 (2019) is applicable to the instant situation.  They contend that Judge Tomlinson failed to account for the Supreme Court's holding in Rotkiskie when she determined that the May 18, 2017

letter was not time-barred. Defendants' argument is unpersuasive.

The Supreme Court in <u>Rotkiskie</u> held that the statute of limitations for an action brought pursuant to 15 U.S.C. § 1692k(a) "begins to run on the date on which the alleged FDCPA violation occurs, not the date on which the violation is discovered." 140 S. Ct. at 357. In <u>Rotkiskie</u>, unlike here, Plaintiff did not "claim that he brought suit within one year of the alleged FDCPA violation." <u>Id.</u> at 360.

Further, Judge Tomlinson did not rely on the discovery rule rejected in <u>Rotkiskie</u>. She instead focused solely on whether the type of FDCPA violations at issue here occur "at the time a debt collector sends a letter to a debtor" or whether they occur "when the debtor receives the communication." (ECF No. 36 at 10.) Though she noted that the Second Circuit had not yet addressed this issue, Judge Tomlinson, adopting the position of many district courts in this Circuit, held that the limitations period begins to run on the date the debtor receives the communication. (<u>Id.</u>)

Defendants now assert, based solely on the authority of <u>Rotkiskie</u>, that the alleged violations here occur—and the limitations period therefore begins to run—on the date the letter is sent. Notably, Defendants previously argued that "[i]n determining the date on which the violation occurs, there is no question that the latest date upon which the one (1) year period begins to run is the date when a plaintiff receives an allegedly unlawful communication." (ECF No. 29 at 7.) And, in their original motion papers, Defendants made no argument regarding the distinction between occurrence and discovery, despite <u>Rotkiskie</u> being pending before the Supreme Court. (<u>Id.</u>) Moreover, Defendants in their objection implicitly concede that a violation could not have occurred until Plaintiff received the letter, writing that "[i]t is enough that plaintiff received the May 18, 2017 letter." (ECF No. 38 at 3.)

Plaintiff's amended complaint accuses Defendants of committing a multitude of violations under various provisions of the FDCPA.  (ECF No. 12 at 2–9.)  Defendants, however, do not discuss any of these statutory provisions and advance no textual arguments as to when precisely the alleged violations occurred based on those specific provisions.[1]  Rotkiskie provides no answer to these questions.  The Supreme Court in Rotkiskie did not even cite the specific provision of the FDCPA that was alleged to have been violated and certainly did not analyze when a violation "occurs" under the various provisions of the FDCPA at issue here.

## CONCLUSION

Because the Supreme Court's holding in Rotkiskie is inapplicable, Defendants' objection to the R&R, which is premised solely on Rotkiskie, is denied.  As Judge Tomlinson found, the record contains insufficient information to determine the date on which Plaintiff received the letter.  Additionally, the incomplete record prevents the Court from adopting the presumption that the letter was received three days after it was sent.  At this time, the Court cannot conclude that the purported violations regarding the May 18, 2017 letter are time-barred.  Further, having undertaken a review of the rest of Judge Tomlinson's comprehensive and well-reasoned R&R to which there has been no objection, I find no clear error.

Therefore, Judge Tomlinson's R&R is adopted in full as the opinion of this Court, and Defendants' motion to dismiss is DENIED.

A status conference before the undersigned is scheduled for Wednesday, February 19, 2020

---

[1]  The Court notes that the fifth count alleges a violation of 15 U.S.C. § 1692g(a)(3).  (ECF No. 12 at 8.)  The statute provides: "Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing . . . a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."  15 U.S.C. § 1692g(a)(3).  Plaintiff alleges that the May 18, 2017 letter constitutes an "initial communication."  (ECF No. 12 at 8.)  Under the statute, a "communication" is defined as "the conveying of information regarding a debt directly or indirectly to any person through any medium."  15 U.S.C. § 1692(a)(2).  For information to have been conveyed to Plaintiff, he had to have received it.

at 4:30 p.m. in Courtroom 920 of the Long Island Courthouse in Central Islip, New York.

**SO ORDERED.**

Dated: February 14, 2020
      Central Islip, New York

_____/s/  (JMA)_____
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE
